IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

JOSEPH M. HINNENDAEL,

    Plaintiff,

    v.

FACILITY GATEWAY CORPORATION,

    Defendant.

Case No. 11-CV-778

## ANSWER

The above defendant, Facility Gateway Corporation, by its attorneys, Stafford Rosenbaum LLP, hereby responds to plaintiff's complaint as follows:

1.    Answering Paragraph 1, the allegations call for a legal conclusion and therefore no response is necessary.

2.    Answering Paragraph 2, the allegations call for a legal conclusion and therefore no response is necessary.

3.    Answering Paragraph 3, defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations concerning plaintiff's residency and the allegations regarding the consent form attached as Exhibit A but, nevertheless, admits, upon information and belief; as for the allegations concerning plaintiff's being a former employee of defendant, as that term is defined by federal law, the allegations call for a legal conclusion and therefore no response is necessary.

4.    Answering Paragraph 4, admits.

5. Answering Paragraph 5, the allegations call for a legal conclusion and, therefore, no response is necessary.

6. Answering Paragraph 6, the allegations call for a legal conclusion and therefore no response is necessary.

7. Answering Paragraph 7, admits.

8. Answering Paragraph 8, admits, upon information and belief, that plaintiff worked more than 40 hours per week on occasion during the time of his employment.

9. Answering Paragraph 9, denies that plaintiff was paid on a salary basis for the entire time of his employment; denies that defendant failed to pay plaintiff overtime compensation when owed.

10. Answering Paragraph 10, defendant realleges and incorporates by reference paragraphs 1 through 9 of its Answer as if fully set forth herein.

11. Answering Paragraph 11, the allegations call for a legal conclusion and therefore no response is necessary.

12. Answering Paragraph 12, defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations and, accordingly, denies the same.

13. Answering Paragraph 13, denies.

14. Answering Paragraph 14, the allegations call for a legal conclusion and therefore no response is necessary but, nevertheless, defendant denies the allegations.

15. Answering Paragraph 15, defendant denies that it failed to pay plaintiff overtime in violation of the FLSA; denies the remaining allegations.

16. Answering Paragraph 16, defendant realleges and incorporates by reference paragraphs 1 through 15 of its Answer as if fully set forth herein.

17. Answering Paragraph 17, the allegations call for a legal conclusion and therefore no response is necessary but, nevertheless, defendant denies the allegations.

18. Answering Paragraph 18, the allegations call for a legal conclusion and therefore no response is necessary.

19. Answering Paragraph 19, the allegations call for a legal conclusion and therefore no response is necessary.

20. Answering Paragraph 20, denies that plaintiff was not exempt from overtime pay during all periods of his employment; the remaining allegations call for a legal conclusion and therefore no response is necessary.

21. Answering Paragraph 27, defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations and, accordingly, denies the same.

22. Answering Paragraph 30, defendant denies that it failed to pay plaintiff overtime in violation of Wisconsin law; denies the remaining allegations.

23. Answering Paragraph 31, admits that plaintiff seeks recovery of his attorney's fees, costs, and expenses, but denies that plaintiff is entitled to the relief he seeks.

24. Answering Paragraph 32, admits that plaintiff is seeking the damages claimed, albeit from defendant and not "Oregon Family Restaurant," but denies that plaintiff is entitled to the relief he seeks.

## *AFFIRMATIVE DEFENSES*

1. The plaintiff has failed to state a claim upon which relief can be granted.

2. Defendant's actions in not paying overtime compensation, if it in fact was required to do so, were not willful and wanton. As such, should this action continue, it must be governed by the FLSA's two-year statute of limitations.

3. Defendant reserves the right to assert other affirmative defenses as its discovery and investigation continue.

WHEREFORE, defendant Facility Gateway Corporation, having fully answered plaintiff's complaint, prays for dismissal of the complaint with prejudice, for an award of defendant's costs, disbursements, and attorneys' fees according to law; and for such other relief as the Court may deem just and appropriate.

Dated: December 16, 2011.

                                      STAFFORD ROSENBAUM LLP

                                      By  s/ Drew J. Cochrane
                                      Drew J. Cochrane
                                      Attorneys for Defendant

222 West Washington Avenue, Suite 900
Post Office Box 1784
Madison, Wisconsin 53701-1784
Email: dcochrane@staffordlaw.com
608.256.0226